July 26, 2006

                      UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF LOUISIANA

KENNETH W. ANDRIEU                              CIVIL ACTION

VERSUS                                          NO. 04-3516

COUNTRYWIDE HOME LOANS, INC., ET AL.            SECTION "A"(4)

                          **ORDER AND REASONS**

    Before the Court is a **Motion to Set Aside Preliminary Default, Motion to Dismiss Complaint Under Federal Rule of Civil Procedure Rule 12(b)(2) For Lack of Personal Jurisdiction, and Improper Venue (Rec. Doc. 40)** filed by defendant Universal Property and Casualty Insurance Co.  Plaintiff, Kenneth W. Andrieu, opposes the motion.  The motion, set for hearing on July 26, 2006, is before the Court on the briefs without oral argument.  For the reasons that follow the motion is GRANTED.

**I.   BACKGROUND**

    Plaintiff owns rental property located in Pensacola Beach Florida.  The property was insured against hazards by defendant Universal Property & Casualty Insurance Co. ("Universal").

Plaintiff refinanced the property on December 31, 2004, through defendant Countrywide Home Loans, Inc.  The funds to pay the insurance premium were collected in an escrow account and part of Plaintiff's monthly mortgage payment was escrowed for the insurance.  Defendant First Horizon was the title company that handled the re-financing.

First Horizon contacted defendant McGraw Insurance Agency for a declaration page.  McGraw is an agent for Universal.  America's Wholesale Lender, a broker for Countrywide, was the named mortgagee on the property.

On April 14, 2004, Plaintiff contacted Elaine Fleming with McGraw via telephone and instructed her to make some changes to the policy including changing his mailing address.  Plaintiff also alleges that he confirmed at that time that the annual premium would continue to be paid from the escrow account upon the annual renewal period.

Universal billed America's Wholesale Lender for the premium when it was due to continue coverage from 5-25-04 to 5-25-05 but the premium was never paid.  Plaintiff never received a copy of the bill nor any delinquency notices because they were all sent to the wrong address.  Coverage lapsed and on September 13, 2004, Hurricane Ivan approached and Plaintiff contacted Universal to confirm coverage.  He learned for the first time of the lapse and

2

was told that no policies could be written in light of the approaching hurricane.  Hurricane Ivan caused significant damage to Plaintiff's property and a loss of rental income.  Plaintiff is suing all of the defendants claiming that it was through their negligence that his policy lapsed[1].

Universal was served with the summons and complaint on July 25, 2005, but failed to make an appearance.  On January 27, 2006, the Clerk entered a preliminary default as to Universal.

## II. DISCUSSION

First, Universal moves the Court to set aside the entry of default.  Universal concedes that it received the complaint but that a staff member erroneously placed it in a file designated for storage.  Universal contends that this type of clerical mistake is the type of error for which an entry of default may be set aside.

Second, Universal argues that it does not have the requisite minimum contacts with the state of Louisiana to allow this Court to exercise jurisdiction.

In opposition to the motion to set aside the default Plaintiff argues that Universal should be denied any relief.  Plaintiff argues that if the judgment is set aside and the Court subsequently grants Universal's motion to dismiss then Plaintiff

---

[1] On June 15, 2005, the Court granted defendant McGraw Insurance Agency's motion to dismiss for lack of personal jurisdiction following an oral hearing.  (Rec. Doc. 28).

will undergo an undue hardship in having to start this lawsuit all over again in Florida.

In opposition to the motion to dismiss for lack of personal jurisdiction Plaintiff argues that Universal has done business with him numerous times over the years via telephone, facsimile, and the mail all the while knowing that Plaintiff is a Louisiana resident. Plaintiff contends that in 2001 Universal was the only insurer writing policies for beach front property so it knew that some of its customers were from Louisiana. Further, following Hurricane Ivan, Universal adjusted claims for Louisiana residents, paid on those claims, and generated revenues from Louisiana residents via premiums.

### 1. *Motion to Set Aside Default*

Rule 55(a) mandates entry of default where a party fails to plead or otherwise defend a suit as provided in the Rules. Fed. R. Civ. P. 55(a). Rule 55(c) provides that for good cause shown the court may set aside an entry of default. Fed. R. Civ. P. 55(c). "Good cause" is to be interpreted liberally. Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc., 346 F.3d 552, 563 (5th Cir. 2003) (citing Amberg v. Federal Dep. Ins. Corp., 934 F.2d 681, 685 (5th Cir. 1991)). The court looks to a variety of factors when determining whether good cause exists including whether the failure to act was willful and whether the party acted expeditiously to correct the default. Id. (citing Lacy v.

Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000); Dierschke v. O'Cheskey, 975 F.2d 181, 184 (5th Cir. 1992)).

The Court concludes that Universal has demonstrated good cause.  Universal's failure to timely respond to Plaintiff's complaint was not willful but rather was due to a clerical error on the part of office staff.  Once Universal became aware of the default it acted expeditiously to file the instant motion to set aside the default.

Furthermore, denying Universal's motion will not save Plaintiff from an undue hardship.  It will only delay an inevitable one.  A judgment rendered against Universal by default without a determination as to personal jurisdiction will be subject to collateral attack in Florida when Plaintiff attempts to enforce the judgment.  See Broadcast Music, Inc. v. M.T.S. Enters., Inc., 811 F.2d 278, 281 (5th Cir. 1987).  Thus, a judgment by default in this Court will not allow Plaintiff to escape a personal jurisdiction challenge but rather will only serve to preserve it for another day.

In sum, the Court finds that Universal has demonstrated good cause for its failure to timely respond to Plaintiff's complaint. The entry of default is therefore set aside and vacated.

**2.   *Motion To Dismiss for Lack of Personal Jurisdiction***

Absent a federal statute that provides for more expansive personal jurisdiction, the personal jurisdiction of a federal

5

district court is coterminous with that of a court of general jurisdiction of the state in which the federal court sits. Submersible Sys., Inc. v. Perforadora Central, S.A. de C.V., 149 F.3d 413, 418 (5th Cir. 2001) (citing Fed. R. Civ. P. 4(k)(1)). For a federal district court in a particular state to exercise personal jurisdiction over a defendant, that exercise of jurisdiction must first be proper under that state's long-arm statute.  Id.  If the state long-arm statute allows the district court to exercise personal jurisdiction, the exercise of personal jurisdiction must also be proper under the Due Process Clause of the Fourteenth Amendment.  Id.  Because Louisiana's long-arm statute extends to the limits of due process, federal courts sitting in Louisiana need only decide whether subjecting the defendant to suit in Louisiana would offend the Due Process Clause of the 14th Amendment.  Dickson Marine Inc., v. Panalpina, Inc., 179 F.3d 331, 335 (5th Cir. 1999) (citing La. R.S. 13:3201(B)).  Thus, the two part inquiry collapses into a single determination.

Due process will not be offended if the nonresident defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  Id. at 336 (quoting International Shoe v. Washington, 326 U.S. 310, 66 S. Ct. 154, 60 L. Ed. 95 (1945)).  When an action "arises out of" a

defendant's contacts with the forum state, a "relationship among the defendant, the forum, and the litigation" is the essential foundation of in personam jurisdiction.  Id. (quoting Shaffer v. Heitner, 433 U.S. 186, 204, 97 S. Ct. 2569, 2579, 53 L. Ed. 2d 683 (1977)).  This type of jurisdiction is commonly referred to as "specific jurisdiction."  Id. (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8, 104 S. Ct. 1868, 1872 n.8, 80 L. Ed. 2d 404 (1984)).

When a defendant has "continuous corporate operations" within a state that are so substantial and of such a nature as to justify suit against a foreign defendant on causes of action arising from dealings entirely distinct from those activities, the court is said to have "general jurisdiction."  Dickson Marine, 179 F.3d at 336 (citing International Shoe, 326 U.S. at 318, 66 S. Ct. at 159).  The contacts necessary to confer general jurisdiction must be "continuous and systematic."  Id. (citing Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 445, 72 S. Ct. 413, 418, 96 L. Ed. 485 (1952)).  The continuous and systematic test is a difficult one to meet because it requires *extensive* contacts between a defendant and a forum.  Submersible Systems, 249 F.3d at 419 (citing 16 James W. Moore, et al., Moore's Federal Practice ¶108.41[3] (3d ed. 1999)).

The essence of the due process requirement is that the defendant's contact with the forum must not be fortuitous.

7

Prejean v. Sonatrach, Inc., 652 F.3d 1260, 1268 (5th Cir. 1981). When a defendant purposefully avails himself of the benefits and protections of the forum's laws by engaging in activity in the state or engaging in activity outside the state that has reasonably foreseeable consequences in the state, maintenance of the lawsuit does not offend traditional notions of fair play and substantial justice.  Id.  Considerations such as the quality, nature, and extent of the activity in the forum, the foreseeability of consequences within the forum from activities outside it, and the relationship between the cause of action and the contacts, relate to whether it can be said that the defendant's actions constitute "purposeful availment."  Id.  In other words, a defendant's activities in relation to the state indicate he is on notice that he could be haled into its courts. Id.

When addressing the issue of personal jurisdiction via a motion to dismiss, the Court must accept as true all uncontroverted allegations in the complaint and resolve in plaintiff's favor all factual conflicts posed by the affidavits. Trinity Indus., Inc. v. Myers & Assocs., Ltd., 41 F.3d 229, 230 (5th Cir. 1995) (citing Wilson v. Belin, 20 F.3d 644 (5th Cir. 1994)).  Plaintiff need only present a prima facie case of personal jurisdiction in order to avoid dismissal.  Id.

Turning now to the instant case the Court has seen nothing

8

to suggest that Universal has the type of extensive, systematic, and continuous contacts with the state of Louisiana necessary to meet the high threshold required for general personal jurisdiction.  Universal has submitted the affidavit of Sean P. Downes who is Chief Operating Officer for Universal.  (Universal Exh. B).  Downes attests that Universal is a Florida corporation authorized to provide coverage for residential property located in Florida.  Universal is not licensed to write insurance in any other state including Louisiana.  Universal does not own real property in Louisiana.  Universal does not advertise its services in Louisiana, has no agent for service of process here, and has never solicited any business in Louisiana.  Downes's attestations are uncontradicted.  Therefore, the Court's ability to exercise jurisdiction over Universal depends on whether the requirements of specific jurisdiction are met.

 For purposes of the instant motion the Court accepts as true Plaintiff's contention that Universal has numerous times over the years conducted business with Plaintiff here in Louisiana via phone, fax, and the mail.  However, such conduct on the part of Universal does not establish minimum contacts with Louisiana.

 In <u>Holt Oil & Gas Corp. v. Harvey</u>, Holt Oil, a Texas corporation, sued Harvey, an oil and gas drilling venturer who had entered into a joint operating agreement with Holt, in Texas. 801 F.2d 773 (5th Cir. 1986).  Harvey was a resident of Oklahoma

9

and the land at issue was located in Oklahoma.  In the lawsuit Holt alleged that Harvey had breached the parties' agreement by refusing to pay his share of certain operating expenses. Harvey moved to dismiss the case arguing that a Texas court lacked specific personal jurisdiction.  Harvey's contacts with Texas pertaining to the lawsuit were 1) he had contracted with Holt in Texas, 2) Harvey had sent the final contract to Texas, 3) Harvey sent payments to Texas in compliance with his contractual obligations, and 4) Harvey engaged in extensive telephonic and written communications with Holt.  Id. at 778.

The Fifth Circuit held that these contacts were insufficient to establish jurisdiction over Harvey in Texas.  Holt Oil, 801 F.2d at 778.  Although the contractual relationship had been confected in Texas, the contract was governed by Oklahoma law and performance of the contract was centered in Oklahoma rather than Texas.  Id.  Because performance was centered in Texas, the fact that Harvey mailed payments to Texas was entitled to little weight.  Id.  The Fifth Circuit also concluded that the exchange of communications between Texas and Oklahoma in the course of developing and carrying out the contract was in itself also insufficient to constitute purposeful availment of the benefits and protections of Texas law.  Id. The court reasoned that the communications to Texas rested on nothing more than "the mere fortuity that [Holt] happen[ed] to be a resident of the forum."

10

Id. (quoting Patterson v. Dietze, Inc., 764 F.2d 1145, 1147 (5th Cir. 1985)).[2]

The Holt Oil decision demonstrates that the requirements of specific jurisdiction are not satisfied in this case.  Plaintiff contracted for a policy of insurance with Universal in Florida.  The policy covers real property located in Florida and is not governed by Louisiana law.  The fact that Universal exchanged communications with Plaintiff in Louisiana over the years rests solely on the fortuity that Plaintiff resides here.  There is no suggestion that Universal reached out to Louisiana to garner business from Louisiana residents or that Universal directed its business activities to Louisiana.  Universal's communications to Plaintiff were naturally directed to the state where he resides which just happens to be Louisiana.  Universal could hardly anticipate being haled into a Louisiana court simply because it wrote a policy in Florida for a customer who happens to reside in Louisiana.  Likewise, insuring other Louisiana residents in addition to Plaintiff only increases the volume of contacts with Louisiana--it does not change the nature of the contacts which is the crucial determining factor.

In sum, the Court concludes that Plaintiff has failed to establish a prima facie case of personal jurisdiction over

---

[2] The Fifth Circuit later upheld general jurisdiction, however, because Harvey had other extensive contacts with Texas. Holt Oil, 801 F.2d at 779.

11

Universal.

Accordingly;

**IT IS ORDERED** that the **Motion to Set Aside Preliminary Default, Motion to Dismiss Complaint Under Federal Rule of Civil Procedure Rule 12(b)(2) For Lack of Personal Jurisdiction, and Improper Venue (Rec. Doc. 40)** should be and is hereby **GRANTED**. The entry of default against defendant Universal Property and Casualty Insurance Co. is **VACATED**.  Plaintiff's complaint against defendant Universal Property and Casualty Insurance Co. is **DISMISSED** for lack of personal jurisdiction.

\* \* \* \* \* \* \* \*

*[signature: Jay C. Zainey]*